■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACQUES DE FAZIO, Also Known as JACQUES ELFASSY, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Relator appeals from an order of the Clinton County Court which dismissed a writ of habeas corpus. On February 2, 1955 relator was convicted of manslaughter in the first degree. He was sentenced for a term of 10 to 20 years with an additional term of 5 to 10 years imposed pursuant to section 1944 of the Penal Law for being armed while committing the crime. Relator contends that the additional punishment under section 1944 constitutes double punishment in violation of section 1938 of the Penal Law. The record shows that relator admits he was armed during the commission of the crime. Section 1944 of the Penal Law does not provide for a new or separate crime or offense which would constitute double punishment as a result of the same transaction. The section merely authorizes the imposition of a longer sentence for the original crime because of aggravated circumstances. The writ was properly dismissed. Order unanimously affirmed.

■ In the Matter of the Claim of RAFAEL TORRES, Respondent, v. TRIANGLE HANDBAG MFG. Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. On December 19, 1958 the claimant attended a Christmas party given by his employer for all his employees. As he was leaving the party he was assaulted and stabbed by a coworker sustaining the injuries which are the subject of this claim. The claimant testified that the coworker assaulted him because of jealousy generated from the claimant's having danced at the party with a female coworker. The employer's foreman testified that the party was given each year and that there was drinking and dancing for all the employees. The board found that attendance at the party was a normal incident of claimant's employment and that the assault which took place on the employer's premises arose out of and in the course of his employment. In Matter of Scholtzhauer v. C. & L. Lunch Co. (233 N. Y. 12) relied on by the appellants, the female employee was asked for a date by a coworker who became incensed and killed her when she refused. The court held that while the murder occurred in the course of employment it did not arise out of the employment inasmuch as the genesis of the assault bore no relation to any of the incidents of the employment. The difference between that situation and the instant one is that there was no definite occurrence attributable to the employment which sparked the altercation — here, however, the dancing and probably the drinking at the party initiated and stimulated the conflicting relationships which conflict shortly resulted in the injury. The connection here between the assault and the claimant's employment is clear and the board's decision is supported by substantial evidence (cf. Matter of Martin v. C. A. Prods. Co., 9 A D 2d 550, revd. on other grounds 8 N Y 2d 226). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.