402 P.2d 380

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Charles B. KNIGHT, Defendant-Appellant.**

**No. 7628.**

Supreme Court of New Mexico.

May 24, 1965.

Winston Cook, Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., Roy G. Hill, Wayne C. Wolf, Asst. Attys. Gen., Santa Fe, for appellee.

EDWIN L. SWOPE, District Judge.

Appellant appeals from a sentence of life imprisonment imposed upon him pursuant to the provisions of the Habitual Criminal Act, Sections 40A–29–5 to 8, N.M.S.A. 1953. He contends that the sentence is invalid for the reasons that he was not given a preliminary hearing on the habitual criminal charges nor formally arraigned; that he was not informed of his rights by the court as required by the Act; and that only two of the alleged four prior convictions charged in the habitual criminal information support an increased penalty.

Appellant was originally charged in an information containing two forgery counts.

An attorney was appointed to represent him at which time, in discussing what bond should be set, the district attorney informed the court, in the presence of appellant and his attorney, that he understood appellant had previous felony convictions. Several days later, appellant entered a not guilty plea and bond was set. About two months later, appellant and his attorney again appeared before the court at which time the court was informed that appellant desired to change his plea to guilty as to count one whereby the district attorney moved that count two be dismissed and then filed a habitual criminal information with the court charging appellant with five felony convictions, consisting of two prior convictions of the federal offense of transporting a stolen automobile across a state line, and two prior state convictions, a forgery conviction in Texas and a car theft conviction in Oklahoma, and the present forgery conviction. After being assured by appellant and his attorney that they had discussed the habitual criminal charges and had also discussed the matter with the district attorney, before entering the guilty plea to the forgery charges, the court accepted the plea as to count one and dismissed count two.

The court then informed appellant of the allegations contained in the habitual criminal information and proceeded to question him in detail concerning whether he was the same person as charged in the information. Appellant admitted that he was

the same person who had been convicted of the alleged felonies. After giving appellant an opportunity to be heard, the court imposed the life imprisonment sentence, which action it assumed was required by the act. Increased penalties are required to be imposed by the act upon conviction of a second, third and fourth felony, the maximum penalty of life imprisonment being imposed upon the fourth conviction.

We agree with the appellant that the wrong penalty was imposed. Prior convictions which are not felonies under the laws of New Mexico will not support an increased penalty for a felony conviction in New Mexico, and since the two prior federal convictions for transporting stolen automobiles across state lines are not felonies in New Mexico, only the two prior felony convictions in Texas and Oklahoma support an increased penalty for the forgery felony conviction in New Mexico. French v. Cox, 1964, 74 N.M. 593, 396 P.2d 423. Therefore, the life imprisonment sentence must be set aside and the proper sentence imposed.

Appellant's contention that he is entitled to the usual preliminary hearing and formal arraignment provided in felony criminal cases has no merit. The filing of a habitual criminal information does not create a new criminal case nor constitute a separate offense. Proof of the conviction of prior felonies merely increases the penalty to be imposed upon conviction of a subsequent felony in New Mexico. French v. Cox, supra. The procedure to be followed by the court in a habitual offender proceeding is set forth in Section 40A–29–7, N.M. S.A.1953, 1963 Pock.Supp., which reads as follows:

"The court wherein a person has been convicted of a felony and where such person has been charged as a habitual offender under the provisions of sections 29–5 and 29–6 [40A–29–5 and 40A–29–6], shall cause such defendant, whether confined in prison or otherwise, to be brought before it, shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require the defendant to say whether he is the same person as charged in the information or not. If the defendant denies being the same person or refuses to answer, or remains silent, his plea or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire if the offender is the same person mentioned in the several records as set forth in the information. If the jury finds that the defendant is the same person and that he has in fact been convicted of such previous crimes as charged, or if he acknowledges or confesses in open court, after being duly

cautioned as to his rights, that he is the same person and that he has in fact been convicted of such previous crimes as charged, then the court shall sentence him to the punishment as prescribed in section 29–5 [40A–29–5] governing habitual offenders, and the court shall thereupon deduct from the new sentence all time actually served on the next preceding sentence and the remainder of the two [2] sentences shall run concurrent."

■■■ Appellant now complains that after informing him of the allegations set forth in the complaint and before questioning him concerning the prior convictions, the court failed to inform him of his right to be tried by a jury as to the truth of the charges.

This is required by the act, but it is a requirement which may be waived either expressly or by implication. People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, 58 A.L.R. 9; Cf. United States v. Scales, 249 F.2d 368; Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446; Contra, People v. Brown, 253 Mich. 537, 235 N.W. 245, 82 A.L.R. 341.

In our judgment, this requirement was waived in this case. Appellant was represented by an attorney throughout the proceedings, had ample notice that habitual criminal charges were involved, and, in reply to questions by the court before the guilty plea was accepted to the forgery charges and prior to any examination by the court concerning the habitual criminal information, both appellant and his attorney assured the court that they had previously discussed the habitual criminal information and that they had also thoroughly discussed it with the district attorney. State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130; State v. Youchunas, 187 La. 281, 174 So. 356, are distinguishable, because in neither was the defendant represented by counsel.

The case will be remanded to the district court of Chaves County with directions to set aside the present sentence and to impose a proper sentence in lieu thereof.

It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.