453 P.2d 767

STATE of New Mexico, Appellee,

v.

Beltran GARCIA and Felix Jaramillo, Appellants.

No. 273.

Court of Appeals of New Mexico.

April 11, 1969.

Timothy P. Woolston, Albuquerque, for appellants.

James A. Maloney, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendants have appealed from their convictions of burglary and possession of burglary tools. They rely on two points for reversal.

Although the first point relates only to Defendant Garcia, both defendants apparently rely upon it. Defendant Garcia had taken the witness stand on his own behalf, and on cross-examination was asked if he had "* * * ever been convicted of any crime or misdemeanor."

Defendants' attorney objected to the question without stating the nature or grounds of his objection. He did state he was relying on State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966), as authority for his objection.

Conferences between the court and counsel were held, but no record was made. After recess, the court reconvened in the absence of the jury and announced: "The objection is overruled, based on 77 N.M.

124, 419 P.2d 966, which I don't consider to be applicable to this situation."

Defendants' attorney then advised the court that Defendant Garcia admitted having been convicted of gambling, and "* * * that he was convicted of forging a $50.00 check and at the close of the case the judge told him to pay back the $50.00 and that was the end of it." The attorney, in referring to the forgery, also stated to the court: "* * * I don't think he [Defendant Garcia] honestly knows the effect of what transpired in Albuquerque 10 years ago."

It was stated by defendants' attorney that the information of the District Attorney concerning the forgery conviction had "* * * been obtained from somebody else * * *" and was "* * * not a transcript of conviction, * * *" The nature and source of the District Attorney's information are not otherwise identified in the record.

The jury was returned to the courtroom, and the District Attorney concluded the cross-examination as follows:

"Q. Have you ever been convicted of a felony or misdemeanor, Mr. Garcia?

"A. Yes. I have.

"Q. What was it?

"A. Gambling.

"Q. When?

"A. A year and a half ago or two years ago.

"Q. Have you ever been convicted of any felony or misdemeanor, other than that?

"A. No.

"Q. All right."

Defendants' position is "* * * that lacking a proper avenue to refute a denial of the conviction on the part of the witness, the State was not acting in good faith because it would have been bound by a denial by the witness."

They rely upon language found in State v. Rowell, supra. As we understand the opinion in that case, it does not support defendants' contention. As stated in State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966):

"* * * All reasonable care, and the utmost good faith, must be exercised by the prosecutor, when questioning an accused about prior convictions, to the end that an accused is not prejudiced by suggestions that he has been convicted of a misdemeanor or felony, when in fact he has not been so convicted. * * *"

* * * * * *

"* * * Whether or not the prosecutor has acted improperly, and whether or not the defendant has been prejudiced thereby, must depend on the facts and circumstances of each case. * * *"

Defendant seems to assert that proof of a prior conviction may be only by a transcript of conviction.

We are not sure what they mean by a "transcript of conviction." If they mean a certificate, as provided for by § 20–2–3, N.M.S.A.1953, the failure of the State to have such a certificate immediately available, for the purpose of refuting the false answer given by Defendant Garcia, does not mean that the State lacked "* * * a proper avenue to refute a denial of the conviction * * *" The statute says that a prior conviction may be proved by a certificate. It does not state this is the only way it may be proved. The State is not limited to proving a conviction by means of such certificate.

Defendants contend that unless the prosecutor is able to refute a denial, he lacks good faith in asking about a prior conviction. The exercise of all reasonable care and the utmost good faith does not always require the prosecutor to be in a position to refute a denial of conviction.

As stated in State v. Williams, supra, the prosecutor's "reasonable care" and "utmost good faith" depends on the facts and circumstances of the case. If a prosecutor inquires concerning a prior conviction and is unable to prove the conviction, a determination as to whether he act-

ed improperly depends on the facts and circumstances. Here the record does not show whether the District Attorney was able to refute the denial. In fact, the record does not disclose the nature of the District Attorney's information concerning the prior forgery conviction. Accordingly, we do not have sufficient information before us to hold, as a matter of law, that the District Attorney acted improperly in asking about "any other" convictions.

Whether Defendant Garcia intentionally or mistakenly denied his conviction of another crime, the fact remains his answer was not consistent with the information presented to the court by his attorney. Had his answer been consistent with this information there would have been no denial to refute. He cannot be heard to say the State failed to exercise good faith in not proving, or in not being able to prove, he lied. His answer gained him some advantage. Unquestionably an answer consistent with the information presented to the court would have been more damaging to his credibility than the answer he gave. He was not prejudiced. See State v. Williams, supra. Certainly, he may not benefit further by his answer, regardless of whether it resulted from a mistake or from untruthfulness on his part.

Defendants next attack the sufficiency of the evidence to show (1) their possession of burglary tools, and (2) their unlawful and unauthorized entry into the burglarized store building.

■ In reviewing the evidence to determine whether or not it substantially supports the conviction, this court views the evidence and all reasonable inferences therefrom in their most favorable light in support of the conviction. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Favela, 79 N.M. 490, 444 P.2d 1001 (Ct.App.1968).

As to the possession of burglary tools, defendants' argument apparently is that the indictment charged "* * * defendants had on their possession * * *" burglary tools, whereas no burglary tools were received into evidence nor shown to be on their persons.

The indictment does contain the quoted words as to possession on their persons. It also expressly charges them with "Possession of burglary tools, in violation of Section 40A-16-5, N.M.S.A., 1953 Compilation, * * *" This section of the statutes does not require possession on the person of the accused.

■ It is sufficient if an indictment charges an offense by reference to the section or subsection creating the offense. Section 41-6-7, N.M.S.A.1953; Village of Deming v. Marquez, 74 N.M. 747, 398 P.2d 266 (1965); State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961); State v. Cummings, 63 N.M. 337, 319 P.2d 946 (1957). The trial court properly treated as surplusage the language upon which defendants now rely. Section 41-6-36, N.M.S.A.1953.

■ Although the burglary tools were not received into evidence, they were testified to and identified by police officers without objection. The tools were taken by the police from the possession of the defendants. They were found in the truck occupied by defendants at the time of their arrest on the night of the burglary. This evidence substantially supports a finding that defendants were in possession of these burglary tools.

■ As to the matters of unlawful and unauthorized entry, the manager of the store testified he was in charge and had given no permission to break and enter the store. Compare State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App.1967). The evidence is that the store was entered by the use of violence and force, and there is ample evidence from which the defendants could be identified as the persons who made this entry.

The judgments of conviction should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.