470 P.2d 718

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF GILA, the Honorable Robert E. McGhee, the Judge thereof; and Real Party in Interest, Harold Leonard McMULLEN, Respondents.

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF GILA, the Honorable Robert E. McGhee, the Judge thereof; and Real Party in Interest, Billy Jarvice MULLINIX, Respondents.

2 CA–CIV 844, 2 CA–CIV 845.

Court of Appeals of Arizona, Division 2.

June 19, 1970.

Gary K. Nelson, Atty. Gen., by E. Dennis Siler, Asst. Atty. Gen., Phoenix, for petitioner.

Donald C. Premeau, Globe, for respondents.

HOWARD, Chief Judge.

Since these respective special action proceedings involve the same question, they have been consolidated. The sole question is one of statutory construction: When a driver's license has been suspended pursuant to the provisions of A.R.S. § 28–691, and judicial review thereof is undertaken, is there a right to a trial by jury?

A detailed recitation of the circumstances leading up to the license suspensions herein involved is unnecessary. Both real parties in interest had their respective driver's licenses suspended for refusal to submit to a chemical test as provided in A.R.S. § 28–691, subsec. A. Each requested a hearing thereon as provided for in subsection E of § 28–691, a hearing was duly held, and the license suspensions were

sustained. A.R.S. § 28-691, subsec. F provides:

"If the suspension or determination that there should be a denial of issuance is sustained after such hearing, the person whose license or permit to drive or nonresident operating privilege has been suspended, or to whom a license or permit is denied, under the provisions of this section, shall have the right to file a petition in the superior court to review the final order of suspension or denial by the department in the same manner and under the same conditions as is provided in § 28-451 in the cases of discretionary suspensions and denials."

A.R.S. § 28-451 provides:

"Right of appeal to court

A person denied a license, or whose license has been cancelled, suspended or revoked by the department except where the cancellation or revocation is mandatory under the provisions of this chapter, shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the superior court in the county wherein the person resides and the court is vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the commission, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provision of this chapter."

Both real parties in interest timely filed petitions pursuant to A.R.S. § 28-451, supra, and requested a trial de novo with a jury. The respondent court set the matters for trial to a jury whereupon the petitioner sought relief in this court on the grounds that there is no right to trial by jury.

Being of the opinion that the petitioner's position is correct, we assume jurisdiction.

The respondent court, in granting the jury trial, did so pursuant to the Judicial Review Act, section 12-910, subsec. B:

"The trial shall be de novo if trial de novo is demanded in the complaint or answer of a defendant other than the agency and if no hearing was held by the agency or the proceedings before the agency were not stenographically reported so that a transcript might be made. When a trial de novo is available under the provisions of this section, it may be had with a jury upon demand of any party."

The Judicial Review Act, however, does not apply where the statute relating to the administrative agency provides otherwise. A.R.S. § 12-902, subsec. A; Campbell v. Chatwin, 102 Ariz. 251, 428 P.2d 108 (1967). Our comparison of A.R.S. § 28-451 with the provisions of the Judicial Review Act leads us to conclude that the former statute prescribes a definite procedure for judicial review, thus rendering inapplicable the latter Act.[1]

The respondents, however, argue that even if the provisions of the Judicial Review Act are not applicable, the word "court" in A.R.S. § 28-451 has reference to both judge and jury, and therefore the statute contemplates a jury trial. While it is true that the term "court" as used in some statutes includes both the judge and the jury, we do not agree that it does so in this case. We are of the opinion that the term "court" as used in A.R.S. § 28-451, supra, is synonymous with "judge". In analogous sections of our Rules of Civil Procedure, the use of the word "court" clearly indicates that this meaning is intended. See e. g., Rules 39h, 39j, 39k, 39i, 39l, 49, 51 and 52, 16 A.R.S. In other ju-

---

1. For example, § 28-451 provides for the filing of a "petition" within 30 days whereas § 12-904 provides for the filing of a "complaint" within 35 days. In the latter instance, service of the pleading is required whereas in the former it is not.

A.R.S. § 12-907 provides for the filing of a responsive pleading, whereas § 28-451 does not, requiring only that 30 days' written notice of the hearing be given to the commission.

# 400

risdictions, appellate courts have come to a like conclusion. In the case of Howard v. State, 83 Nev. 53, 422 P.2d 548, 549 (1967), the Nevada Supreme Court held that the word "court" meant "judge" in its habitual criminal statute which provided that " * * * the court shall determine the issue of such previous conviction after hearing all relevant evidence presented on such issue * * *."

In the case of Withers v. Golding, 100 Utah 179, 111 P.2d 550 (1941), the Utah Supreme Court construed a statutory provision dealing with judicial review of license revocation which provided that the issues on both questions of law and fact were to be determined by the court. The appellate court held that the legislature did not intend the word "court" to refer to both the judge and the jury but rather to the judge sitting in the particular court.

An excellent analysis of a statutory replica of A.R.S. § 28–451 may be found in the case of Conaway v. Thompson, 78 N. W.2d 400 (N.D.1956). The North Dakota Supreme Court adopted the views expressed by the Supreme Courts of Pennsylvania and Florida (Carnegie v. Department of Public Safety, 60 So.2d 728, Fla. 1952); Commonwealth v. Emerick, 373 Pa. 388, 96 A.2d 370 (1953) with respect to the scope of the hearing accorded the licensee in the trial court, i. e., the case is heard de novo by the court and not merely as a review of the administrative action. The court further stated:

> "It is clear that the proceeding provided by Section 38 [our A.R.S. § 28–451] is not an appeal in the sense that it is a review of the record made before the commissioner. It is instituted by a petition as an original proceeding in the district court which is required to try it as such. The proceeding should be conducted as a trial before the court without a jury * * *." 78 N.W.2d at 404.

We hold, therefore, that the trial court erred in granting the request for a trial by jury. Furthermore, this statutory proceeding being unknown at common law, there is no constitutional infirmity in precluding trial by jury. Martin v. Detroit Marine Terminals, Inc., 189 F.Supp. 579 (Michigan 1960); Danner v. Hass, 257 Iowa 654, 134 N.W.2d 534 (1965); Howard v. State, supra; Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 410 P.2d 479 (1966).

For the reasons herein stated, the respondent court is directed to set these respective hearings for determination without a jury.

KRUCKER and HATHAWAY, JJ., concur.