494 P.2d 622

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Richard Kelly McADAMS, Defendant-Appellant.**

**No. 790.**

Court of Appeals of New Mexico.

Feb. 18, 1972.

Harvey C. Markley, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Sante Fe, for plaintiff-appellee.

## OPINION

COWAN, Judge.

Defendant appeals following his conviction of the crime of unlawful possession of LSD (Lysergic Acid Diethylamide) contrary to § 54–5–18, N.M.S.A. 1953, as that statute existed in February, 1971.

We affirm.

On February 6, 1971, a Hobbs Police Department detective, Gary Kennedy, received information from an informant that a sale of illegal drugs would take place that evening at a cafe in Hobbs. On two previous occasions information from this source had proved reliable. The detective was told that 25 tablets would be delivered by individuals in a brown 1965 Oldsmobile car with New Mexico license plates, driven by a man named Billington, at 8:00 P.M. Officers Kennedy, Adams and Alexander drove to the cafe shortly before 8:00 P.M. and parked across the street.

At approximately 8:05 P.M. a vehicle, fitting the description supplied by the informant, drove up and parked in front of the cafe. It was driven by a person identified as Grady Billington and defendant was a passenger in the car. As the officers drove across the street and parked behind the Oldsmobile, the defendant got out and approached the driver's side of another vehicle, reaching into his shirt pocket. Officers Adams and Alexander approached the defendant and observed him making a throwing motion, whereupon they searched him and placed him under arrest. Two tablets were found in his shirt pocket and a packet containing 25 similar tablets was found under the car which defendant had approached after alighting from the Oldsmobile.

A test of some of the tablets in the packet was made by Officer Adams and tests of others of these and the ones taken from the defendant's person were made by Dr. Robert Schoenfeld. These tests established that the pills contained LSD. At the trial, defendant admitted Dr. Schoenfeld's qualifications. Officer Adams, a sergeant with the Narcotics Division of the New Mexico State Police, testified that he had been trained to test for the presence of LSD.

Defendant first complains that the evidence (the pills containing LSD) was obtained through illegal search and seizure. He argues: The court failed to rule on his pre-trial motion to suppress; the motion was renewed during trial and was overruled; there was no testimony that the defendant was armed or dangerous, which would justify a search for weapons; the officers had no search warrant; the defendant was not in a position to effect a "get-away"; no arrest was made until after the search; and there was no real evidence that the defendant was attempting to dispose of the pills. The question thus becomes one of probable cause.

■ A search without a warrant is lawful when it is incident to a lawful arrest, and the legality of an arrest without a warrant depends upon whether the arrest was based upon probable cause. State v. Deltenre, 77 N.M. 497, 424 P.2d 782 (1966), cert. denied, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967).

■ Information from a reliable informant constitutes probable cause for search, particularly when the information is detailed and accurate. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327 (1959); State v. Deltenre, supra.

■ The evidence in the record supported the officers' actions and reasonably warranted the search and seizure.

■ Defendant next argues that the trial court erred in overruling defendant's motion to dismiss at the close of the state's case, raising the issue of substantial evi-

dence. Viewing the evidence in the light most favorable to support the verdict, as we must, we deem it substantial. State v. Tafoya, 80 N.M. 494, 458 P.2d 98 (Ct. App.1969).

By his third point, defendant urges error in the court's admission of the results of the tests run on the pills by Officer Adams. Not only does the evidence show that the officer was qualified to perform such a test but Dr. Schoenfeld, whose qualifications defendant admitted, tested the pills and reached the same conclusion. It is for the trial court to determine whether an offered expert witness is qualified to testify. In so determining, the judge exercises his sound discretion, and this discretion will be questioned by this court only when it has been abused. State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966). We find no abuse here.

Under his third point, defendant also claims "entrapment" under the unique theory that, by the defendant's being told the result of the test, he would be induced to make an inculpatory statement. There was no evidence to support the defense of entrapment in this case. State v. Romero, 79 N.M. 522, 445 P.2d 587 (1968). Nor, we might add, was the question raised below and thus preserved for a determination by this court. State v. Williams, 83 N.M. 477, 493 P.2d 962, decided January 21, 1972.

Defendant next questions the recalling of Officer Adams, by the state, to complete the "chain of custody" of the pills. Defendant incorrectly states that in recalling the officer, the state re-opened its case-in-chief. The officer had testified and had been excused from the witness stand when he was recalled, but the state had not rested its case-in-chief when the recall occurred. Allowing the witness to be recalled was within the court's discretion and no abuse of that discretion appears. State v. Rodriguez, 23 N.M. 156, 167 P. 426, L.R.A.1918A, 1016 (1917).

Prior to oral argument, this court noted the fact that the statute under which defendant was charged was repealed by Laws 1971, Ch. 245, § 13, effective April 5, 1971, and replaced by a new law, not applicable here. The offense was committed February 6, 1971; defendant was arrested the same day; an attorney was appointed to represent him on February 8 on the LSD charge which had been filed against him in Magistrate Court on or before that date; the information was filed April 28; and defendant pled not guilty on May 3, 1971. Trial was held on May 25 and defendant was sentenced on June 15, 1971. The question arises: did the repeal of the statute bar or abate the proceedings against the defendant?

We hold that it did not. Article IV, Section 33 of the New Mexico Constitution states:

"No person shall be exempt from *prosecution and punishment* for any crime or offenses against any law of this state by reason of the subsequent repeal of such law." [Emphasis added]

See also State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967); State v. Tracy, 64 N.M. 55, 323 P.2d 1096 (1958).

The judgment is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.