506 P.2d 339

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Deluvino BLEA, Defendant-Appellant.**

**No. 958.**

Court of Appeals of New Mexico.

Jan. 26, 1973.

596

Bill Chappell, Jr., James A. Branch, Jr., Branch & Dickson, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of statutory rape, aggravated battery and battery, defendant appeals asserting that it was error to sentence him pursuant to § 40A–29–3.1(A), N.M.S.A. 1953 (Repl.Vol.1964, Supp.1969) because: (1) he was denied the right to be tried by a jury on the issue of using a firearm; and, (2) he was not charged in the indictment with violating the above statute.

Section 40A–29–3.1(A), supra, states:

"When a separate finding of fact by the court or jury shows that a firearm was used in the commission of:

"A. murder other than murder in the firt degree, rape, statutory rape, rape of a child, sexual assault, escape from jail, escape from penitentiary, escape from custody of a peace officer or assault by prisoner, the minimum and maximum terms of imprisonment prescribed by the

Criminal Code shall each be increased by five [5] years; . . ."

After receiving the verdict on January 11, 1972, and prior to sentencing on January 24, 1972, the state filed a motion based on § 40A-29-3.1(A), supra, requesting the court to make a specific finding on the question of whether a firearm was used in the commission of the crime of statutory rape. Immediately prior to sentencing on January 24, 1972, the following colloquy occurred:

"THE COURT: . . . On your [state's] motion I will find that a firearm was used in the commission of the crime, and he will be sentenced in accordance with 40a-29-3-1 [sic], which I take it increases the punishment by five years.

"MR. RIORDAN: Yes, five years on the minimum and five years on the maximum.

"MR. CHAPPELL: May I have the record note an objection to a finding by the court of a question of fact in a jury trial. I believe after looking at the problem that all issues of fact must be determined by the jury, and we object to this procedure on that point.

"THE COURT: Mr. Chappell, I may be incorrect, but I thought you agreed it would be brought up in sentencing rather than giving an interrogatory to the jury.

"MR. CHAPPELL: I believe I did not know the procedure at that time with regard to the statute. I know Mr. Riordan [prosecutor] did submit a special interrogatory to the court and I believe Your Honor said it was a matter for sentencing."

The transcript of the trial is silent as to what had transpired previously and, accordingly, the issue of waiver is not involved. The questions to be answered are: First, did the making of a finding of fact by the court in a criminal jury trial deprive the defendant of his right to trial by jury? Second, did the failure of the state to charge the defendant in the indictment with the use of a firearm in the commission of statutory rape deprive him of his right to know the nature and cause of the accusation against him? We answer both questions in the affirmative.

Although not cited to any other state's decision, we have found cases from nine other jurisdictions dealing with one or the other of these issues. State v. Tosatto, 107 Ariz. 231, 485 P.2d 556 (1971); Johnson v. State, 249 Ark. 208, 458 S.W.2d 409 (1970); People v. Spencer, 22 Cal.App.3d 786, 99 Cal.Rptr. 681 (1972); Jordan v. United States District Court for Dist. of Col., 98 U.S.App.D.C. 160, 233 F.2d 362 (1956); United States v. Sudduth, 457 F.2d 1198 (10th Cir. 1972); Moore v. State, 276 N.E.2d 840 (Ind.1972); State v. Buffa, 65 N.J.Super. 421, 168 A.2d 49 (1961); People ex rel. DeFazio v. La Vallee, 13 A.D.2d 559, 211 N.Y.S.2d 812 (1961); State v. Coma, 69 Wash.2d 177, 417 P.2d 853 (1966).

The authorities are not uniform. Some jurisdictions permit the court to make the finding; some do not. With the exception of the Arkansas decision, State v. Johnson, supra, we have found none of the reasoning in any of these cases persuasive in favor of either result. Indeed, some of the above cases have reached a result without either citing relevant authority or giving reasons.

The Arkansas Supreme Court in Johnson v. State, supra, held that where the defendant was not charged with the use of a firearm in the information and the trial court made a separate finding that defendant was armed when committing the crime for purposes of enhancing defendant's sentence, that the accused was denied his rights to a jury trial and to be informed of the nature and cause of the accusation against him. We agree with this result.

*Finding of Fact.*

The question to be answered under this point is: Does § 40A-29-3.1(A), supra, define a new class of "armed" crime by adding the additional element of use of a fire-

arm in the commission of the crime to the basic statutory definitions of the crimes listed in that section? We hold that it does.

We see no basic distinction between the situation created by reading § 40A–29–3.-1(A), supra, in conjunction with the statutes which define the basic crimes listed in that section and the distinctions between robbery and armed robbery and burglary and aggravated burglary which are presently maintained in our Criminal Code [see §§ 40A–16–2, 40A–16–3 and 40A–16–4, N. M.S.A.1953 (2nd Repl.Vol.1972)]. In each of the foregoing statutes, the fact of being armed with a deadly weapon creates a different class of criminal activity and a different and more severe penalty is imposed upon conviction. A new element is added and additional proof is required.

■ Accordingly, we hold that § 40A–29–3.1(A), supra, defines a new class of crimes by adding a new element to the basic definitions of the crimes listed in § 40A–29–3.1(A), supra. The new element added to each crime in the class is the use of a firearm. As the language of § 40A–29–3.1(A), supra, itself makes clear the existence of this element requires a finding of fact. In a jury trial, such a finding can only be made by the jury. N. M.Const. Art. II, § 12.

*The Indictment.*

■ The purpose of an indictment or information is: First, to furnish an accused with such a description of the charge against him as will enable him to make his defense and to avail himself of his conviction or acquittal against a subsequent prosecution for the same offense; and second, that the court may be informed as to the facts alleged so it may determine whether the facts are sufficient to support a conviction, if one should be had. Ex parte Williams, 58 N.M. 37, 265 P.2d 359 (1954); N.M.Const. Art. II, §§ 14 and 15.

■ An indictment or information is valid and sufficient if it charges in one or more of the following ways: (1) By using the name given to the offense by the common law or by a statute; (2) by stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged; or (3) by referring to a section or subsection of any statute creating the offense charged therein. Section 41–6–7, N.M.S.A.1953 (2nd Repl.Vol.1972).

■ Having decided that § 40A–29–3.-1(A), supra, creates a new class of crimes, it is clear that a defendant must be so charged in the indictment so as to enable him to prepare his defense to that crime. Defendant then has the right to have all the issues of fact, including whether or not a firearm was used in the commission of the crime, determined by the jury or, in the event jury trial is waived, by the court as the fact finder. This is consistent with the wording of § 40A–29–3.1, supra, "When a separate finding of fact by the court or jury. . . ."

■ In the instant case, defendant was charged in the indictment only with statutory rape [§ 40A–9–3, N.M.S.A.1953 (2nd Repl.Vol.1972)], not with the new crime of armed statutory rape created by reading § 40A–9–3, supra, together with § 40A–29–3.-1(A), supra. Since the indictment only charged defendant with statutory rape, that was the only crime for which he could constitutionally be tried. The error was compounded when the defendant was found guilty of the new crime of armed statutory rape by virtue of a finding of fact made by the court rather than the jury. This deprived defendant of his right to trial by jury.

That part of the judgment and sentence relating to the enhanced penalty for statutory rape with use of a firearm is set aside and the cause is remanded to the trial court for resentencing in accordance with the statute.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

Section 40A–29–3.1(A), N.M.S.A.1953 (Repl.Vol.1964, Supp.1969), set out in the majority opinion, merely increases the penalty to be imposed by "a separate finding of fact" after conviction and before judgment and sentence are imposed. It does not provide a new or separate crime which grants a defendant trial by jury. See, State v. Knight, 75 N.M. 197, 402 P.2d 380 (1965); State v. Silva, 78 N.M. 286, 430 P.2d 783 (Ct.App.1967).

The uniform practice in the second judicial district is to enter, after conviction, a printed form pleading called "Judgment and Sentence." By conviction in this case is meant the establishment of guilt by a verdict of the jury. State v. Larranaga, 77 N.M. 528, 424 P.2d 804 (1967). Before "Judgment and Sentence" was entered, the trial court found that a firearm was used in the commission of the crime of statutory rape.

First, defendant contends the increase of the minimum and maximum sentence by five years denied him the right to trial by jury. This claim of error has no merit. The imposition of a sentence or increase in the penalty is not an essential element of the crime of statutory rape. "A sentence is not an element of the conviction; rather, the sentence is a consequence of the conviction." State v. Ferris, 80 N.M. 663, 666, 459 P.2d 462, 465 (Ct.App.1969). The defendant had a trial by jury on the merits. He was not denied this right.

A "separate finding of fact" for an increased penalty is made from all the evidence introduced at the trial. The defendant was denied the right to a jury determination of this finding.

The issue is: Did the denial of jury determination of "a separate finding of fact" after conviction prevent the imposition of an increased penalty?

In my opinion, the defendant waived this question. The record shows that at the time for presentation to the court by the district attorney of a special interrogatory, defendant's counsel stated he did not know the procedure at that time. When the trial court announced it was a matter for sentencing, no objections were made. Defendant had notice before conviction of the additional penalty. No request was made by defendant that the special interrogatory be submitted to the jury. Such requirement can be waived expressly or by implication. See, State v. Knight, supra.

Because of the importance of the question, the answer should be found. In the nine jurisdictions set forth in the majority opinion, none of the states, nor the United States, had statutes comparable with § 40A–29–3.1(A), supra. None of the opinions are applicable.

The language of the statute is clear that "a separate finding of fact" can be made by "the court *or* jury." It does not say "the court *and* jury," nor "the judge *and* jury."

Where the statute provides that "the court shall determine the issue," it means the "judge" and not the "judge and jury." Howard v. State, 83 Nev. 53, 422 P.2d 548, 549 (1967); Campbell v. Superior Court, In and For County of Gila, 12 Ariz.App. 398, 470 P.2d 718 (1970).

The word "or" as used above means that the legislature granted an alternative choice in the determination of the special finding of fact. It may be done by the judge, who presides over the trial, or, if he chooses, or is requested to do so, he may submit the determination to the jury. This is the legislative intent. Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51 (1927). If the legislature had intended a different construction, it would have used language similar to that in Supreme Court Rule 35(a)(2) [§ 41–23–35(a)(2), N.M.S.A.1953 (2nd Repl.Vol. 6, Supp.1972):

. . . [T]he issue shall be determined in nonjury trials by the court and in

jury trials by a special verdict of the jury.

The trial judge made a separate finding of fact that the defendant used a firearm in the commission of statutory rape. This was in accord with the statute.

Second, the defendant contends that since he was not charged in the indictment with a violation of § 40A–29–3.1(A), supra, the trial court erred in imposing the additional penalty.

Since the indictment was sufficient without reference to the penalty, any reference to the penalty in the indictment is surplusage. State v. Ferris, supra; State v. Garcia, 80 N.M. 247, 453 P.2d 767 (Ct.App. 1969).

The judgment and sentence of the trial court should be affirmed.