530 P.2d 404
**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Daniel Joe SANCHEZ, Defendant-Appellant.**
**No. 1423.**

Court of Appeals of New Mexico.
Dec. 11, 1974.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Division, Don Klein, Associate Appellate Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Andrea Buzzard, Jane E. Pendleton, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Defendant was convicted by a jury of robbery while armed with a deadly weapon, to wit: a firearm, contrary to § 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6, Supp. 1973) and § 40A–29–3.1, N.M.S.A.1953 (2d Repl.Vol. 6). Judgment and sentence were entered for robbery while armed with a deadly weapon, and defendant appeals. We affirm.

Defendant urges four points for reversal: (1) that the indictment was void, being based upon an unconstitutional statute; (2) that the defendant was improperly convicted and sentenced; (3) that the trial court erred in refusing to allow defendant to reexamine a witness; and (4) that the trial court erred in denying defendant's motion for a mistrial based upon alleged prosecutorial misconduct.

*Constitutionality of § 40A–29–3.1, supra*

■ Defendant contends that the combined use of § 40A–16–2, supra, and § 40A–29–3.1, supra, in the indictment unconstitutionally creates a new crime in violation of N.M.Const. Art. IV, § 18, which provides in part:

"No law shall be revised or amended, or the provisions thereof extended by reference to its title only; but each section thereof as revised, amended or extended shall be set out in full."

As further authority, defendant cites State v. Blea, 84 N.M. 595, 506 P.2d 339 (Ct.App.1973), wherein it is stated "that § 40A–29–3.1(A), supra, creates a new class of crimes." It is defendant's contention that the wording of the two statutes above, read together, creates a crime of robbery with a firearm, a third degree felony.

The *Blea* decision concerned the judicial application of § 40A–29–3.1, supra, for sentencing purposes to a conviction of statutory rape, as charged in the indictment. The problem in *Blea* was that the defendant was not charged in the indictment so as to advise him of the need to prepare his defense to meet the enhanced sentence imposed pursuant to § 40A–29–3.1, supra. The court in *Blea* did not declare the section unconstitutional but merely remanded the case to the lower court for resentencing in accordance with the crime with which the defendant had been convicted.

In the case at bar, no new crime is created by the combined use of §§ 40A–16–2 and 40A–29–3.1, supra, in the indictment. Section 40A–16–2, supra, defines robbery with a deadly weapon as a second degree felony. This is the crime of which defendant was convicted. Section 40A–29–3.1, supra, is superfluous to the indictment. It specifies various consequences for the defendant if a finding is made that the deadly weapon used in the robbery was, in fact, a firearm. The conviction rests upon § 40A–16–2, supra. Section 40A–29–3.1, supra, serves no other purpose in the indictment than to alert the defendant to the possible sentencing consequences following a conviction under § 40A–16–2, supra.

We hold that the defendant was validly indicted and that there was no violation of any constitutional provision.

*Judgment and Sentence*

The defendant asserts that the trial court sentenced him under both § 40A–16–2, supra, and § 40A–29–3.1, supra. The argument, as in point (1) above would have the court sentence defendant for robbery, a third degree felony, and thereafter apply the provisions of § 40A–29–3.1(B), supra. This is an improper reading of the effect of the two sections cited.

As we said in State v. Urban, 86 N.M. 351, 524 P.2d 523 (Ct.App.1974):

"The sentences imposed in this case . . . are authorized by § 40A–29–3, N.M.S.A.1953 (2d Repl.Vol. 6). There is nothing showing that § 40A–29–3.-1(B), supra, has been applied to defendant's sentences. Defendant's claim that § 40A–29–3.1(B), supra, was applied to his sentences has no basis other than speculation. No reviewable question is presented. State v. Snow, 84 N.M. 399, 503 P.2d 1177 (Ct.App.1972)."

It is true that in the case at bar the jury found "that a firearm WAS used in the commission of this offense." There is, however, no indication that the trial court made any use of the provisions of § 40A–29–3.1, supra, in handing down the sentence. Defendant was sentenced to ten (10) to fifty (50) years imprisonment for "ROBBERY WHILE ARMED WITH A DEADLY WEAPON." Section 40A–16–2, supra. We hold that the judgment and sentence of the trial court were proper and are affirmed. State v. Urban, supra; see State v. Blea, supra. In so holding, we make no comment upon the defendant's assertion that sentencing under § 40A–29–3.1 (B), supra, enhances the penalty prescribed for conviction under § 40A–16–2, supra. As we view the record, that issue is not before us.

*Recall of a Witness*

Defendant argues that the trial court erred by refusing to recall a state witness for additional cross-examination. Defend-

ant apparently wished to attempt impeachment of the witness through his prior inconsistent testimony before the grand jury.

■ During the regular cross-examination defendant had ample opportunity to attempt to impeach the testimony of the witness. The defense did, in fact, cross-examine the witness on other topics. Further, the defense did not reserve the right to re-examine the witness. Our review is limited to consideration of matters disclosed by the record. State v. Buchanan, 78 N.M. 588, 435 P.2d 207 (1967); State v. Paul, 82 N.M. 619, 485 P.2d 375 (Ct.App. 1971). The matter of allowing recall and re-examination of a witness is within the trial court's discretion. State v. Rodriguez, 23 N.M. 156, 167 P. 426 (1917); State v. McAdams, 83 N.M. 544, 494 P.2d 622 (Ct.App.1972). After reviewing the record, we hold that the trial court did not abuse its discretion.

*Motion for Mistrial*

■ The district attorney asked the following question of a state witness:

"Q Didn't you state to that officer when you were questioned that you and the defendant, Mr. Sanchez, went to the Shell Service Station to buy some gas and that you went to sleep as you were leaving the Shell Service Station and that the next thing you remember is being at your house on Summer and that Mr. Sanchez, the defendant in this case, changed his shirt, shaved off his mustache—"

Defendant moved for a mistrial on the basis of this question, which motion was denied. The jury was instructed at that time to disregard the question and was later instructed that statements of counsel were not to be considered as evidence.

The transcript indicates that there was little, if any, prejudice created by the unanswered question. The admonition of the court to the jury adequately cured any prejudice which may have resulted. State v. Carlton, 83 N.M. 644, 495 P.2d 1091 (Ct.App.1972). We hold that the trial court, in denying defendant's motion for a mistrial, did not abuse its discretion. State v. Thurman, 84 N.M. 5, 498 P.2d 697 (Ct. App.1972).

The conviction, judgment and sentence are affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, Judge, specially concurring.

SUTIN, Judge (specially concurring).

Defendant contends that when § 40A–16–2 in the Criminal Code (armed robbery) is read, as in the indictment by which he was charged, along with § 40A–29–3.1 (increased sentences for use of a firearm), a new offense is created, viz., "armed robbery with a firearm". He contends that creation of a new offense in such fashion is in violation of the New Mexico Constitution, Art. IV, § 18.

The record shows that, although the jury found that defendant had used a firearm in commission of the armed robbery, defendant was convicted only of "robbery while armed with a deadly weapon", and he was sentenced only in accordance with § 40A–16–2. The mention of § 40A–29–3.1 in the indictment was "surplusage". Rule 7(b) of the Rules of Criminal Procedure [§ 41–23–7, N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.)] Since defendant was convicted and sentenced only pursuant to § 40A–16–2, the indictment is not void; the constitutional question does not arise; and this Court's opinion in State v. Blea, 84 N.M. 595, 506 P.2d 339 (1973), is not material to the instant case.

I feel constrained to discuss, briefly, the constitutional question even though it does not properly arise in this case, because the majority opinion did deal with this question. In doing so, the majority wrongly analyzed the constitutional question, and distorted the clear meaning of the opinion in State v. Blea.

There is a constitutional question regarding § 40A–29–3.1(A), which would

*properly be at issue* in a case in which a defendant was charged *with one of the crimes named in subdivision (A)* of § 40A–29–3.1. These crimes are:

> . . . murder other than murder in the first degree, rape, statutory rape, rape of a child, sexual assault, escape from jail, escape from penitentiary, escape from custody of a peace officer or assault by prisoner . . . .

*Blea* holds that § 40A–29–3.1(A) creates a "new class of crimes", by adding a new element to each of the named crimes, viz., use of a firearm in commission of the crime, and a new penalty, viz., the penalty provided in the statute defining each of the named crimes, plus five years. 84 N.M. at 598, 506 P.2d 339.

If the holding in *Blea* is correct, the consequence may be that § 40A–29–3.1(A) is unconstitutional, in violation of Art. IV, § 18 of the New Mexico Constitution. The reason is that § 40A–29–3.1(A), by creating this "new class of crimes", revises, amends, or extends the statutes which define the named crimes, without setting out these statutes in full, "as revised, amended or extended". Art. IV, § 18.

I dissented in *Blea*, because I do not believe § 40A–29–3.1(A) does create a new class of crimes, for the reasons set out in that dissent. However, I also do not believe the way to resolve this question is to say that the Court's opinion in *Blea* does not say what it clearly does say. That is what the majority in the case at hand seems to do. The Court in *Blea* explicitly *held* that § 40A–29–3.1(A) "defines a new class of crimes". 84 N.M. at 598, 506 P.2d at 342. This was not "dictum", as the majority today asserts. Whatever the views of appellate judges, a court's written opinions must always reflect reality, not the world of fantasy, where the following is permissible:

> "When *I* use a word," Humpty Dumpty said, in rather a scornful tone, "it means just what I choose it to mean— neither more nor less."

"The question is," said Alice, "whether you *can* make words mean so many different things."

"The question is," said Humpty Dumpty, "which is to be master—that's all."

—Lewis Carroll, Through the Looking Glass. c. 6.

A defendant in a proper case can question the *Blea* holding by asking the New Mexico Supreme Court to decide whether § 40A–29–3.1(A) does create a new class of crimes, and, if so, whether the section is unconstitutional.