537 P.2d 1012

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe Edward WILKINS, and Samantha Wilkins, a/k/a Andrea Douglas, a/k/a Samantha Oldfield, Defendants-Appellants.**

**No. 1745.**

Court of Appeals of New Mexico.

June 4, 1975.

Rehearing Denied June 19, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Don Klein, Jr., Asst. Appellate Defender, Santa Fe, for defendants-appellants.

Toney Anaya, Atty. Gen., Lanny D. Messersmith, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Both defendants were convicted of robbery while armed with a deadly weapon. Section 40A–16–2, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). Their appeal contends: (1) cross-examination of a witness was unduly restricted, (2) there was undue repetition of a witness's statement, and (3) their sentence was improper.

### Cross-Examination

Huckleby testified as a witness for the State. He admitted he was one of the robbers. He implicated the two defendants.

(a) Defendants assert the trial court improperly refused to allow them to inquire into Huckleby's juvenile adjudication and the result of that adjudication. They rely on Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In Davis, supra, defense counsel was prohibited from making inquiry as to the witness being on probation under a juvenile court adjudication. Davis, supra, held this improperly restricted defense efforts to impeach the credibility of the juvenile by cross-examination directed to possible bias because of the juvenile's probationary status as a juvenile delinquent.

Davis, supra, is not applicable on the facts. In our case, the State's direct examination brought out that Huckleby was a juvenile and had been through a juvenile proceeding. At that point the trial court interrupted the questioning and ruled that

the State could not go into what happened in juvenile court. The defense then objected that this would limit cross-examination. "One of the things that I would want to impeach him on is the fact that nothing did happen to him."

Defendants elicited this testimony on cross-examination. They brought out that Huckleby was arrested, gave a statement to the police, and was released. They brought out that Huckleby spent no time in jail and had no fear of going to prison. The defense did bring out that nothing happened to Huckleby. There was no restriction of the cross-examination.

■ (b) Defendants contend the trial court improperly restricted the cross-examination of Huckleby concerning letters Huckleby wrote to defendant Samantha. The fact that Huckleby wrote the letters was established. The State objected to introduction of the letters because the defense had violated a court order for discovery. The discovery order directed defendants to permit the State to inspect and copy documents in defendants' possession which they intended to introduce at trial. Section 41–23–28(a)(1), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). This was to be done by April 27, 1974. Trial began July 8, 1974. Defense counsel admitted that they had the letters and when the letters were offered at trial, the State had not seen them. The alleged restriction of cross-examination was the trial court's refusal to admit the letters into evidence. The trial court could properly refuse to admit the letters because of the violation of its discovery order. Section 41–23–30, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp.1973); compare Beverly v. Conquistadores, Inc., (Ct.App.) No. 1771, decided June 4, 1975.

### Undue Repetition of Witness's Statement

■ Detective Garcia identified Huckleby's statement and it was introduced into evidence through him. Garcia testified generally that Huckleby implicated himself

in the statement and implicated other parties as well. The defense objection to this testimony at trial was that the contents of the statement was hearsay as to Garcia because Huckleby was available to testify. This contention is not pursued on appeal. The claim on appeal is that Garcia's general testimony was an undue repetition of Huckleby's statement.

No such claim was raised in the trial court. Section 21–12–11, N.M.S.A.1953 (Interim Supp.1974). Nor could it have been raised with propriety. Nothing shows that Huckleby's statement was read to or read by the jury. The only reference to the contents of the statement within the hearing of the jury was the general testimony of Garcia. There was no repetition. This point is frivolous.

### The Proper Sentence for a Robbery Committed With a Firearm

The indictment charged defendants with robbery

"while armed with a deadly weapon, to wit: a firearm, contrary to Sections 40A–16–2 and 40A–29–3.1, NMSA 1953 as amended."

Robbery while armed with a deadly weapon is a second degree felony. Section 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973).

■ Section 40A–29–3.1, N.M.S.A.1953 (2d Repl.Vol. 6) provides punishment consequences when a firearm is used in the commission of a crime. A special finding of the jury is that a firearm was used. The provisions of § 40A–29–3.1, supra, were mandatory in this case. State v. Barreras, (Ct.App.) 536 P.2d 1108, decided May 28, 1975. The applicable provision of § 40A–29–3.1, supra, was Paragraph B, which prohibits suspension of the first year of any sentence imposed for "any crime constituting a felony other than a capital felony . . . ."

The trial court sentenced each defendant for a second degree felony; the sentences provide for no suspension of the first year of the sentences.

■ Defendants do not complain that § 40A–29–3.1(B), supra, was applied to their sentences. Because § 40A–29–3.1(B), supra, was applied, they contend they should have been sentenced for a third degree felony (robbery) rather than a second degree felony (robbery while armed with a deadly weapon). They assert that §§ 40A–16–2, supra, and 40A–29–3.1(B), supra, combine to establish the crime of robbery while armed with a firearm; that this is a specific offense which prohibits the application of the general provision concerning robbery while armed with a deadly weapon.

Defendants' argument is specious in that it disregards the crime charged. Section 40A–16–2, supra, applies to both robbery and robbery while armed with a deadly weapon. Defendants were charged and convicted of the latter. They were also charged and sentenced on the basis that the deadly weapon was a firearm. If this case involved an unarmed robbery, § 40A–29–3.1, supra, would not be involved because it applies only to crimes committed with a firearm. There is a relationship between § 40A–16–2, supra, and § 40A–29–3.1, supra, only when there is a robbery while armed with a deadly weapon and the deadly weapon is a firearm.

The criminal offense is robbery while armed with a deadly weapon. That offense is a second degree felony. Defendants were properly sentenced for a second degree felony. State v. Sanchez, 87 N.M. 140, 530 P.2d 404 (Ct.App.1974). Defendants assert this result is contrary to State v. Blea, 84 N.M. 595, 506 P.2d 339 (Ct.App.1973) and State v. Riley, 82 N.M. 235, 478 P.2d 563 (Ct.App.1970). They are incorrect.

State v. Blea, supra, holds that to apply § 40A–29–3.1, supra, a defendant must be given notice that the crime charged was committed with a firearm. *Blea*, supra,

does state that § 40A–29–3.1, supra, creates a new class of crimes. This language was disapproved in State v. Barreras, supra, because no new crime is created. What § 40A–29–3.1, supra, does is to provide additional punishment consequences if a crime is committed with a firearm.

■ State v. Riley, supra, deals with the applicability of a special statute over a general statute. To the extent of any necessary repugnancy between two statutes with a common subject, " 'the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, unless it appears that the legislature intended to make the general act controlling . . . .' " However, before applying a special statute over a general statute " 'the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy . . . .' " State v. Blevins, 40 N.M. 367, 60 P.2d 208 (1936).

■ There is no repugnancy between § 40A–16–2, supra, and § 40A–29–3.1, supra. Robbery while armed with a deadly weapon is a second degree felony; the sentence is not less than ten nor more than fifty years in the penitentiary. Section 40A–29–3(B), N.M.S.A.1953 (2d Repl.Vol. 6). Section 40A–29–3.1(B), supra, does not conflict with § 40A–16–2, supra, when it provides that the first year of the statutory sentence shall not be suspended. The two statutes are in harmony; each expresses a separate legislative intent.

Defendants' sentences for a second degree felony with no suspension of the first year of the sentences were in accordance with the statutes.

Oral argument in this case is unnecessary; the case is submitted for decision on the briefs. The judgments and sentences are affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.