548 P.2d 1212

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Mary Corine ELLIS, Defendant-Appellant.**

**No. 2059.**

Court of Appeals of New Mexico.
March 23, 1976.

Certiorari Denied April 19, 1976.

James M. Scarborough, Espanola, for defendant-appellant.

Toney Anaya, Atty. Gen., Donald D. Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of voluntary manslaughter, defendant appeals. We discuss three of the issues raised: (1) validity of the indictment, (2) sufficiency of the evidence, and (3) exclusion of tendered testimony.

## 196

### Validity of the Indictment

The grand jury indictment was handed to an assistant district attorney who in turn handed it to a deputy district court clerk who filed it in the district court records.

Defendant moved to dismiss the indictment as invalid, contending that it was mandatory and jurisdictional that an indictment be "returned in open court" either by the grand jury or its foreman. The trial court ruled that New Mexico law does not require that an indictment "be handed to a judge who has formally convened Court to receive such indictment". We agree with the trial court.

Neither the New Mexico Constitution nor the Rules of Criminal Procedure require that indictments be "returned in open court". Those provisions speak only in terms of "filing". See N.M.Const. Art. II, § 14; Rule of Criminal Procedure 5(a). Thus, provisions in Constitutions, rules or statutes of other jurisdictions do not support the contention.

Defendant argues that the above cited provisions of the Constitution and criminal rules do not negate a requirement that an indictment be returned in open court, that such was a requirement of the common law and New Mexico has not changed the common law. This contention overlooks § 41-5-5, N.M.S.A.1953 (2d Repl. Vol. 6) which provides that: "Indictments may be filed and prosecution and trial had thereon without regard to court terms." This provision implies that an indictment may be filed without regard to whether court was in session when it was filed. Even in the absence of § 41-5-5, supra, we would not enforce the common law requirement of a return of an indictment in open court. We would not do so because such a requirement is not applicable to the circumstances of modern pleading and practice. See *Flores v. Flores*, 84 N. M. 601, 506 P.2d 345 (Ct.App.1973).

Defendant implies that the federal Constitution requires that an indictment be returned in open court. We disagree. The due process requirements of the federal Constitution do not require the states to utilize indictments in bringing criminal charges. *Hurtado v. People of California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884). Since the use of indictments is not required, the procedure in returning an indictment is also not a requirement of the federal Constitution.

### Sufficiency of the Evidence

Defendant concedes there was sufficient evidence to support a conviction for either murder in the first or second degree. Her claim is that the evidence as to voluntary manslaughter was insufficient to be submitted to the jury. We need not answer the various legal contentions raised under this issue. Nor do we review the evidence because we remand for a new trial under the third issue. The evidence of various witnesses concerning the incident at the deceased's car immediately prior to the shooting was sufficient for submission of voluntary manslaughter to the jury.

### Exclusion of Tendered Testimony

Defendant offered the testimony of a clinical psychologist, Dr. Mariani, through an extensive tender. The trial court refused to admit the tendered testimony. The testimony was not excluded on the basis of the psychologist's qualifications, and there is no issue concerning the qualification of the psychologist to testify as an expert witness. See *Winder v. Martinez*, N. M., 545 P.2d 88 (Ct.App.1975). The trial court excluded the testimony because of the subject matter of the tendered testimony.

The trial court ruled: "[T]his witness may testify to the mental condition or capacity, but she may not testify as to the state of mind of the defendant[;] also not as to motive or intent of the defendant." The "mental condition or capacity" went to the defenses of insanity or lack of capacity to form a specific intent. Defendant expressly disclaimed that she was relying on

these defenses. The issue is whether the tendered testimony as to defendant's state of mind or lack of intent was erroneously excluded. In answering this question we do not consider the portions of the tender which went to the elements of either degree of murder because defendant was not convicted of murder. Nor do we consider the portions of the tender that tended to affirm voluntary manslaughter. Having been convicted of voluntary manslaughter, defendant has not been prejudiced by excluding testimony that supported the manslaughter conviction.

Included within the tender was testimony that defendant did not act in the heat of passion or on a sudden quarrel. Section 40A–2–3, N.M.S.A.1953 (2d Repl. Vol. 6). This conflicts with other testimony to the effect that defendant acted under considerable provocation. The tender included testimony that defendant was in a state of fear and shot in response to the basic instinct of survival. The fact that there were conflicts in the tendered testimony did not provide a basis for its exclusion. Conflicts in the testimony of a witness are to be resolved by the fact finder. *Kelly v. Montoya*, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970); *State v. Ford*, 81 N. M. 556, 469 P.2d 535 (Ct.App.1970).

The tender includes testimony to the effect that defendant acted in self-defense. This tendered testimony was based on the results of psychological tests, the psychologist's interviews with defendant and the history related to the psychologist by defendant. The tendered testimony went to defendant's state of mind, her intent at the time she shot.

The trial court excluded the tendered testimony on the basis that a witness should not be permitted to state his opinion with respect to the intent, motive or purpose of a third person. This ruling fails to distinguish between expert and non-expert witnesses. Compare Evidence Rule 702 with Evidence Rule 701. Evidence Rule 702 states that if specialized knowl-edge will assist the jury to determine a fact in issue, a properly qualified expert may testify thereto. Evidence Rule 701 limits the testimony of non-expert witness to opinions or inferences "rationally based on the perception of the witness". Evidence Rule 702 does not restrict expert opinion testimony to "perceptions of the witness". The commentary to Evidence Rule 702 states: "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." Under Evidence Rule 702, a properly qualified expert can state an opinion if it will assist the fact finder. No question has been raised as to the qualifications of the expert witness in this case; the tendered testimony would have assisted the jury in resolving the issue of self-defense.

*State v. Vaughn*, 82 N.M. 310, 481 P.2d 98 (1971), cert. denied, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971) upheld the admission into evidence of a psychiatrist's testimony as to the mental state of defendant as it concerned his alleged loss of memory. Compare, *State v. Chambers*, 84 N.M. 309, 502 P.2d 999 (1972) where a psychiatrist testified that defendant was "suffering from an emotional state at the time of the homicide". The inference from *State v. Smith*, 80 N.M. 126, 452 P.2d 195 (Ct.App.1969) is that expert testimony as to defendant's "probable state of mind" was admissible. We hold that a properly qualified expert may testify as to a defendant's intent.

The trial court also excluded the tendered testimony on the basis of 40 Am.Jur.2d, Homicide, § 397, which states: "However, where a homicide charge is defended on the grounds of self-defense, the testimony of an expert witness as to the state of mind of the defendant at the time of the killing, such testimony being based on examinations made after the slaying, is inadmissible." The case cited in support of this statement, *McKee v. State*, 372 P.2d

243 (Okl.Cr.1962), excluded this evidence on the basis that the testimony would invade the province of the jury. Evidence Rule 704 is to the contrary; the fact that the opinion invades the province of the jury is not grounds for excluding the testimony. *State v. Lopez*, 84 N.M. 805, 508 P.2d 1292 (1973).

The trial court erred in excluding the tendered testimony.

Although we do not reach the question of the enhanced sentence, see *State v. Wilkins*, 88 N.M. 116, 537 P.2d 1012 (Ct. App.1975); *State v. Barreras*, 88 N.M. 52, 536 P.2d 1108 (Ct.App.1975); *State v. Blea*, 84 N.M. 595, 506 P.2d 339 (Ct.App. 1973).

Oral argument is unnecessary. The conviction is reversed. The cause is remanded for a new trial.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.