70 P.(2d) 758

STATE v. McCABE.
No. 4280.

Supreme Court of New Mexico.
July 24, 1937.

Rehearing Denied Aug. 23, 1937.

G. L. Reese, Sr., of Roswell, and T. E. Mears, Jr., of Portales, for appellant.

Frank H. Patton, Atty. Gen., and A. M. Fernandez, Ass't Atty. Gen., for the State.

ZINN, Justice.

The defendant (appellant here) killed J. J. Rose.

J. J. Rose had showered intimate attentions upon Lucille McCabe, the daughter of the defendant, for many years. Rose had sought her company at socials and other occasions to such an extent that it was noticeable in the neighborhood. These amorous gestures by Rose towards the girl had commenced when she was an immature child and had continued until the time of the tragedy. The defendant had accused Rose of having taken Lucille McCabe to Texas for immoral purposes and had Rose arrested, charged with having a female minor in his possession for immoral purposes. Rose was arrested, placed under bond, and his case came on for hearing. Upon discovery that Lucille McCabe at that time was not a female minor, Rose was not prosecuted. When defendant was informed of this fact by the prosecuting attorney, he took a gun from his car and started toward the courthouse in Portales, N. M. He came upon Rose at the front door of the courthouse, in broad daylight,

and in the presence of a number of witnesses. The defendant killed Rose while Rose was sitting on the concrete bannister at the front door of the court, and while Rose was totally unarmed. Not a word was spoken at the time of the homicide either by the defendant or the deceased.

The defendant was informed against by the State, brought to trial before a jury, and convicted of murder in the second degree. The defendant was sentenced to the penitentiary for a term of not less than fifteen nor more than twenty-five years. From such verdict and sentence this appeal is prosecuted.

The defendant's defense was predicated upon temporary insanity and self-defense. Three points are claimed as error on appeal.

The defendant claims that:

1. The trial court erred in permitting witness Carl Case to testify as to the good reputation of the deceased and in denying the motion of the defendant to strike the testimony of said witness. It is the claim of the defendant that the witness was not qualified to testify as to the reputation of the deceased, and that no proper predicate therefor had been laid by the state.

2. The court erred in overruling the motion of the defendant to strike the testimony of witness J. Irving Nunn as to the reputation of the deceased and in permitting said witness to testify as to the good reputation of Rose because no proper predicate for such testimony was laid by the state. It is the claim of the defendant that

witness Nunn by his own testimony shows that he was not qualified to testify that such reputation was good.

3. The court erred in sustaining the motion of the district attorney to strike out the answer of witness Price Crume wherein such witness in response to a question by attorney for defendant answered that he had been arrested at Kenna and tried in the justice court for stealing crossties, and paid the costs of the suit.

The court did not commit error in admitting the testimony referred to in defendant's first and second assignments of error.

The first objection made to the testimony of Carl Case, the manager of a canning factory, was to the qualifying question whether the witness knew what the reputation of J. J. Rose was for peace and quietude. This was objected to by counsel for defendant, which objection was overruled. Thereupon the witness answered: "Yes." The next question propounded to the witness was whether that reputation was good or bad. This question was not objected to. Upon further examination, both cross and redirect, it was clearly shown that the witness based his conclusion as reflected in his response to the question propounded to him upon the absence of derogatory remarks of Rose's conduct by Rose's neighbors. The testimony of Case as to the reputation of Rose for peace and quietude was in effect that in so far as the witness was concerned he knew nothing against deceased's reputation in the respect

inquired about. We cannot see wherein the defendant was in any way prejudiced by this form of testimony.

■ No objection was made to the State laying its predicate for the reputation evidence offered by the State through witness Nunn, about which complaint is now made by the defendant in the second assignment of error. It was after cross-examination that a motion was made to strike the testimony. Witness Nunn testified in effect that the deceased, Rose, had been "straight" with him and that it was upon this record of personal dealing that witness Nunn had based his response to the question as to Rose's general reputation. It is clear that general reputation cannot be deduced from such facts. However, the defendant was not prejudiced.

Witness Nunn may have been disqualified from expressing his opinion as to the reputation of deceased based solely on his own judgment arising out of his personal relations with Rose. Nevertheless it cannot be said that the court abused its discretion in permitting the testimony to stay in for what it was worth and to be weighed by the jury in the light of the very proper and very thorough cross-examination of witness Nunn by counsel for defendant. Evidence of character is founded on opinion, and in the admission or rejection of opinion evidence, the court has a certain discretion which will not be interfered with on appeal unless clearly erroneous. 3 Am. Jur. 593, § 1036.

In the case of State v. Douthitt, 26 N.M. 532, 194 P. 879, 881, we said: "A witness may know that the reputation of a party for truth and veracity or good moral character is good in a given community, although he has never heard any one discuss it. The mere fact that it has not been discussed is sufficient to justify the witness in saying that it is good."

The testimony of witnesses Case and Nunn that they knew the reputation of the deceased for peace and quietude were weakened by their ambiguous and contradictory assertions on cross-examination. However, the court, who had the advantage of observing the character and demeanor of those witnesses on the stand, did not err in refusing to take their testimony from the jury. The denial of the motions to strike the testimony could have done no harm, because the jury had the benefit of the cross-examination to aid it in weighing the truth of the witnesses' declaration of knowledge. No substantial right of the defendant was affected.

■ The third assignment of error is predicated upon the court's striking certain testimony of witness Crume elicited upon cross-examination by the defense. This witness upon cross-examination had testified that he had been arrested for stealing crossties and paid the costs of the suit. Upon motion by the State this testimony was stricken. It is the defendant's contention that the question was properly asked for the purpose of impeaching witness Crume and for the purpose of affecting his credibility, pursuant to 1929 Comp.

St., § 45-606, and should not have been taken from the jury.

Section 45-606 permits the questioning of a witness to determine whether such witness had ever been convicted of any felony or misdemeanor. In the instant case the impeaching testimony was not properly offered and no error was committed by the court when the same was stricken. The witness responded in the affirmative to a question asked as to whether or not he had "been tried in the justice of the peace court for stealing crossties," and had "paid the costs of the suit." Counsel for defendant urge that the testimony is admissible under the statute because "it is equivalent to a conviction, where a man pays the costs."

We have held that it is the conviction, that is, a plea or verdict of guilty and judgment or sentence passed on such plea or verdict, which must be inquired into, and not proof of the equivalent of a conviction. State v. Roybal, 33 N.M. 540, 273 P. 919.

The trial court by its ruling did not foreclose any further investigation or inquiry into the matter inquired about. The witness could have been asked whether he had been convicted of stealing crossties and sentenced. This was not done and there was no offer of proof that there had been a conviction and no claim was made or is now made that there was any. The question as asked and the answer as given did not prove any conviction.

Finding no error, the verdict and judgment must stand.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and BRICE, JJ., concur.