638 P.2d 1098

STATE of New Mexico, Plaintiff-Appellee,

v.

Rachel SHOEMAKER, Defendant-Appellant.

No. 5301.

Court of Appeals of New Mexico.

Dec. 22, 1981.

John B. Bigelow, Chief Public Defender, David Stafford, Asst. Appellate Defender, Santa Fe, Eleanor W. Smith, Trial Counsel, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

The defendant appeals her conviction for receiving stolen property contrary to § 30–16–11, N.M.S.A.1978. We affirm.

The defendant presents to us three points for reversal:

1. That it was prosecutorial misconduct for the state to place the prior indictments before the jury; 2. That the curative instruction was insufficient remedy for the prejudice caused by the state's misconduct; 3. That the error in denying the defendant's motion for mistrial was not harmless.

The conclusive issues in this case are whether the questions by the prosecutor regarding prior indictments were permissible, and whether the trial court abused its discretion in denying defendant's motion for a mistrial.

Defendant and Petrina Biondo lived next door to each other. Biondo had defendant and defendant's daughter over for dinner, and several days later Biondo noticed her Canon 35mm camera was missing from her (Biondo's) apartment. Biondo reported it stolen. The camera was found by police at the Gun Runner Pawn Shop in Albuquerque. It was undisputed that defendant pawned the camera. The defendant testified that Biondo had loaned her the camera to take pictures of defendant's daughter, and that she (defendant) pawned the camera because she needed money for food. Defendant further testified that she intended to redeem the camera with a future paycheck. Biondo, however, testified that she (Biondo) never loaned the camera to defendant.

On direct examination defendant was asked, "Have you been convicted of a felony before?" Defendant answered: "Yes, I have. In 1976 I was convicted of forgery and pleaded guilty to it." On cross-examination the prosecutor engaged in questioning which is the basis for defendant's appeal.

Q: * * * in 1976 you pled guilty to forgery, is that correct?

A. Yes, that's correct.

Q: Now that's not totally correct is it Miss Shoemaker?

A: Yes, it is.

Q: It is. Isn't it true that in 1976 you were indicted for two counts, two charges of forgery, is that right?

Defense counsel: Objection.

Defense counsel moved for a mistrial, stating that the objection was based on N.M.R.Evid. 609, N.M.S.A.1978. Out of the presence of the jury the prosecutor argued that the question was permissible to rebut defense counsel's attempt to make defend-

ant seem honest because defendant pleaded guilty. During opening argument defense counsel had indeed made an attempt to show defendant in an honest light:

And Rachel doesn't have anything to hide. And one of the things that she will tell you, that she is not going to hide from is that she had been in trouble with the law before. Back in 1976 she pleaded guilty to a charge of forgery. So she's been in trouble with the law before. She knows what it means to plead guilty when you've done something wrong.

The motion for a mistrial was denied. Judge Ashby ruled that the prosecutor's question regarding indictments was impermissible. A curative instruction was given:

A question has been asked of the defendant if she has been indicted in the past of two counts of forgery. The Court has ruled that this question was improper and I specifically instruct the jury to disregard it.

The defendant bases his objection to the permissibility of the question of the prosecutor under Rule 609 which states in pertinent part:

"For the purpose of attacking the credibility of a witness, evidence that he had been convicted of a crime shall be admitted * * *".

The trial court ruled that the question was impermissible under Rule 609. The question involved two indictments for forgery. An indictment not followed by a corresponding conviction is not a conviction as required by Rule 609. *State v. McCabe*, 41 N.M. 428, 70 P.2d 758 (1977). On appeal the state argues that if the question was impermissible under Rule 609, that the curative instruction eradicated any prejudice and that the motion for mistrial was properly denied. The record indicates that during argument of counsel out of the presence of the jury, the prosecutor explained that the defendant had actually pled guilty to one count of attempted forgery. The prosecutor argued that the defendant's counsel was misleading the jury by making her come across as an honest person who pleads guilty when she was rightfully charged with a crime.

The purpose of the question was to impeach the defendant and to contradict the inference that the defendant had left with the jury, that when she is not guilty she goes to trial. We agree with the trial court that the question was impermissible under Rule 609. But there is still another rule to consider. N.M.R.Evid. 607, N.M.S.A.1978, states:

Who may impeach.

The credibility of a witness may be attacked by any party, including the party calling him.

In *United States v. Benedetto*, 571 F.2d 1246 (2d Cir. 1978), the defendant was convicted for receipt of money in connection with official duties. The Court held that admission of testimony of similar criminal acts was proper to impeach the defendant's credibility. The Court said:

Once a witness (especially a defendant-witness) testifies as to any specific fact on direct testimony, the trial judge has broad discretion to admit extrinsic evidence tending to contradict the specific statement, even if such statement concerns a collateral matter in the case.... The admission of contradictory evidence to impeach Benedetto's credibility was thus warranted.... We thus find that on this record the challenged evidence was admissible, at least under Rule 607.

The defendant argues that the curative instruction which the defendant requested, and which the court granted, did not remedy any prejudice caused by the prosecutor's question.

Under the facts of this case the giving of the limiting instruction and admonishing the jury to disregard the question asked of the defendant adequately cures any prejudice that may have occurred. *See, State v. Sanchez*, 87 N.M. 140, 530 P.2d 404 (Ct.App. 1974); *State v. McFerran*, 80 N.M. 622, 459 P.2d 148 (Ct.App.) *cert. denied*, 80 N.M. 731, 460 P.2d 261 (1969).

The trial court at the beginning of the trial, gave U.J.I.Crim. 1.00 which included the following, "You must not consider any

evidence to which an objection has been sustained or which I have instructed you to disregard". In the case at bar, the curative instruction eradicated any prejudice which may have existed.

We hold that, based upon all the circumstances of this case, the court did not abuse its discretion in denying the motion of the defendant for a mistrial.

The judgment and the sentence are affirmed.

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.