893 P.2d 491

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Christopher MIRELES, Defendant–Appellant.**

**No. 15427.**

Court of Appeals of New Mexico.

March 13, 1995.

Certiorari Denied April 10, 1995.

Tom Udall, Atty. Gen., Jennifer L. Stone, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

John H. Tull, Jr., Santa Fe, for defendant-appellant.

## OPINION

BOSSON, Judge.

Defendant, Christopher Mireles, appeals his conviction for involuntary manslaughter. Two issues are raised on appeal: (1) whether the trial court abused its discretion in admitting testimony regarding a feud between two families; and (2) whether Defendant's conviction of involuntary manslaughter is supported by substantial evidence. We affirm.

## FACTS

On November 22, 1992, Richard Martinez was shot and killed at a parking lot in Roswell, New Mexico. Two eyewitnesses, friends of Martinez, testified that they observed Defendant call Martinez over to his car and shoot him in the chest, point-blank, from a distance of one to three feet. Defendant then fled by foot through a vacant lot across the street. In that vacant lot, police found a .22 caliber handgun belonging to Defendant with five live rounds and one spent casing. According to the autopsy report, Martinez was killed by a .22 caliber bullet. In the same general area, police also recovered a beer can with Defendant's fingerprints. At trial, Defendant relied on a theory of self-defense, claiming that he carried a gun because of previous threats made against him. He testified that on the night of the shooting a group of young men, some with guns drawn, ran towards him and shouted "There he is, get him." The men shot at him and he fired back once and then fled across the vacant lot.

Defendant was tried for second degree murder and involuntary manslaughter. The jury convicted him only of involuntary manslaughter.

## DISCUSSION

At trial, three witnesses for the State testified about a feud between two Roswell families, the Barelas and the Vallejos. Defendant associated with the Vallejos family, while the decedent associated with the Barelas. Each of these witnesses testified that he had prior confrontations with members of the Vallejos family. There was testimony that the Vallejos family "shot up people's houses," and that there were "bad feelings" between the two groups.

On appeal, Defendant argues that evidence of the feud only showed that Defendant and his alleged friends from the Vallejos family were "bad persons" and therefore Defendant must have acted in accordance with this bad character by intentionally killing Martinez. Accordingly, Defendant asserts that this testimony was highly prejudicial and not at all relevant under SCRA 1986, 11–404(B) (Repl. 1994). *See generally State v. Aguayo,* 114 N.M. 124, 835 P.2d 840 (Ct.App.), *cert. denied,* 113 N.M. 744, 832 P.2d 1223 (1992). The State's first response is that Defendant failed to preserve this alleged error by not objecting to the testimony in a timely manner. However, because we believe that this testimony was relevant and admissible, we assume without deciding that Defendant properly preserved this objection.

■ Although convicted of involuntary manslaughter, Defendant was also charged with second degree murder. To prove second degree murder, the State had to show that "[t]he defendant did not act as a result of sufficient provocation." *See* SCRA 1986, 14–210(3). In this case, prior violence between the two groups and Defendant's association with them provided a theory to the jury with regard to why Martinez' death might have been intentional and not merely accidental or the result of "sufficient provocation." *See* SCRA 1986, 14–222 (" 'Sufficient provocation' can be any action, conduct or circumstances which arouse anger, rage, fear, sudden resentment, terror or other extreme emotions."). Further, SCRA 11–404(B) provides that "[e]vidence of other crimes, wrongs or acts ... may ... be admissible" to show, among other things, motive and intent. Although no New Mexico case is on point, two recent cases from other jurisdictions, factually similar to our case, support this result that such evidence is relevant. In *People v. Funes*, 23 Cal.App.4th 1506, 28 Cal.Rptr.2d 758, 765–66 (1994), the court allowed nine instances of violence between two rival gangs because it was admissible to prove motive, intent, malice and premeditation with respect to a charge of murdering a rival gang member. Similarly, in *State v. Toney*, 253 Kan. 651, 862 P.2d 350, 353–54 (1993), the court allowed evidence of gang affiliation and conduct because it provided a motive for the killing and disproved self-defense.

■ Defendant next argues that the trial court improperly balanced the probative value of the testimony versus its prejudicial effect. *See* SCRA 1986, 11–403 (Repl.1994). As such, he asserts that "testimony of the feud proved nothing and was highly prejudicial to Mr. Mireles." Undoubtedly, this evidence prejudiced Defendant's case. However, we have discussed the many ways this evidence was relevant to the State's case and retained considerable probative value. We do not believe that admission of the evidence was unfairly prejudicial, and that conclusion is further buttressed by the fact that during voir dire, Defendant himself, through counsel, brought up this very subject of rival gangs or families. On balance, the trial court did not abuse its discretion. *See State v. Chamberlain*, 112 N.M. 723, 726, 819 P.2d 673, 676 (1991) (trial court vested with great discretion in applying SCRA 11–403 and will not be reversed absent an abuse of discretion). We further decline to address Defendant's arguments regarding SCRA 1986, 11–405 (Repl.1994) and SCRA 1986, 11–608 (Repl.1994), because these objections were not made to the trial court and thus were not preserved. *See State v. Lopez*, 105 N.M. 538, 546, 734 P.2d 778, 786 (Ct.App.1986) (failure to object below prohibits raising of an issue on appeal), *cert. quashed*, 105 N.M. 521, 734 P.2d 761, *and cert. denied*, 479 U.S. 1092, 107 S.Ct. 1305, 94 L.Ed.2d 160 (1987).

■ Finally, we must determine whether sufficient evidence supports the jury's verdict. Defendant contends that under the evidence at trial it was equally likely that the victim was killed by a bullet from his friends as that he was killed by Defendant. We "view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). We do not weigh the evidence or substitute our judgment for that of the jury. *Id.*

In this case, the evidence sufficiently supports the verdict. Most importantly, two eyewitnesses testified that they saw Defendant point and fire a gun at the decedent. These witnesses also testified that Defendant ran from the scene through a vacant lot. Consistent with this testimony, police found a .22 caliber revolver and a beer can with Defendant's fingerprints in the vacant lot. Defendant admitted at trial that he carried that same gun on the night Martinez was killed. The decedent was killed by a .22 caliber bullet, and expert testimony established that the bullet that killed the decedent could have been fired from Defendant's gun. Although Defendant testified that the shooting was in self-defense and that he did not intend to kill anyone, the jury was free to reject Defendant's testimony. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988).

*CONCLUSION*

For the above reasons, Defendant's conviction is affirmed.

IT IS SO ORDERED.

DONNELLY and HARTZ, JJ., concur.