This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40833

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ZANE FERNANDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals his convictions for possession of a controlled substance. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** Defendant continues to challenge the sufficiency of the evidence. [MIO 3-8] However, as briefly described in the notice of proposed summary disposition, [CN 2-4] the testimony of Officer Stinson that he sent two substances found on Defendant's person to the State Crime Lab for testing, together with the testimony of the lab technician who performed the testing confirming that the substances were morphine and methamphetamine, was sufficient to support the convictions. *See, e.g., State v. Tidey*, 2018-NMCA-014, ¶ 26, 409 P.3d 1019 (holding that a police officer's testimony that a white powdery substance later identified as methamphetamine was seized from the defendant's person in the course of a search incident to arrest was sufficient to support a conviction for possession of a controlled substance); *State v. McAdams*, 1972-NMCA-029, ¶¶ 4-5, 10, 83 N.M. 544, 494 P.2d 622 (holding that an officer's recovery of pills from the defendant's person in the course of a search incident to arrest, together with subsequent testing, which established that the pills contained LSD, supplied sufficient evidence to support a conviction for possession of a controlled substance).

**{4}** In the memorandum in opposition Defendant continues to argue that Officer Stinson's failure to describe in detail either the seizure of the drugs from Defendant's person or the process by which he sent the substances to the crime lab for testing should be said to render the evidence insubstantial. [MIO 4-8] These matters, which appear to pertain to the chain of custody, were for the jury to evaluate; they do not supply a basis for second-guessing the jury's ultimate assessment of the sufficiency of the evidence on appeal. *See generally State v. Cabezuela*, 2015-NMSC-016, ¶ 23, 350 P.3d 1145 ("We will not invade the jury's province as fact-finder by . . . reweighing the evidence, or substituting our judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)); *State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896 (explaining that questions concerning a possible gap in the chain of custody affect the weight of the evidence); *State v. Mireles*, 1995-NMCA-026, ¶ 8, 119 N.M. 595, 893 P.2d 491 ("We do not weigh the evidence or substitute our judgment for that of the jury.").

**{5}** Finally, Defendant advances a series of arguments, which appear to have no bearing upon the ultimate issue in this case. He suggests that neither lay opinion nor circumstantial evidence should be said to support the conviction. [MIO 5-6] However, the identities of the controlled substances were established in the course of the testimony of the crime lab technician who performed testing, not through lay opinion or circumstantial evidence. [DS 3] Defendant also suggests that Officer Stinson failed to "authenticate" evidence, [MIO 6] and suggests that some sort of real evidence should have been excluded due to gaps in the chain of custody. [MIO 7] However, he advances no challenge to the admissibility of any of the evidence on appeal, and he fails to explain how these matters support his challenge to the sufficiency of the evidence. *See generally Jacobs v. Meister*, 1989-NMCA-033, ¶ 56, 108 N.M. 488, 775 P.2d 254 (Hartz, J., specially concurring) ("Of course, there is a distinction between the admissibility of evidence and its sufficiency."). *Cf. State v. Miera*, 2018-NMCA-020, ¶ 47, 413 P.3d 491 ("When considering whether sufficient evidence exists to support retrial,

we consider all evidence—even that which was wrongfully admitted."). We therefore remain unpersuaded that Defendant has identified any basis for relief on appeal.

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**