This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41678**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**CRYSTAL LOZANO-ORTIZ a/k/a CRYSTAL ORTIZ a/k/a CRYSTAL LOZANO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Curtis R. Gurley, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this

case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**BACKGROUND**

**{2}** Defendant appeals her convictions for possession of a controlled substance, stemming from an incident that occurred on January 19, 2021, at the San Juan County Detention center. [BIC 1-2; RP 35-36, 139] In the course of a strip search Officer Ranger observed a plastic bag in Defendant's vagina, which Defendant removed and gave to Officer Woody. [BIC 1; RP 139-40] Officer Ranger testified that she saw Officer Woody turn the bag over to the sergeant on duty, who then called the sheriff's office. [BIC 1; RP 140] Deputy Burke responded to the call. [BIC 1; RP 35-37, 141] He testified that he spoke with a sergeant at the detention center, who gave him a plastic bag containing thirty-two pills as well as a smaller baggie containing a white crystalline powder. [BIC 1-2; RP 36, 141-42] Deputy Burke further testified that he sealed the items, marked them as evidence, and labeled them [RP 141-42] Although another individual ultimately sent the drugs to be tested, Deputy Burke recognized State's Exhibits 1 and 2 as the items he had collected at the detention center on January 19, 2021. [BIC 1-2; RP 141-43] Deputy Burke further testified that he spoke with Defendant that day, and in the course of their conversation Defendant admitted that the baggies had been in her possession. [BIC 2; RP 142] Defendant had further acknowledged that one of the baggies contained methamphetamine, but she had said she did not know what the pills were. [BIC 2; RP 142] Finally, a lab technician testified that he recognized State's Exhibits 1 and 2, and that he had tested the substances contained therein; the pills were Fentanyl, and the white crystalline powder was Methamphetamine. [BIC 2; RP 146-48]

**{3}** On appeal Defendant contends that the district court erred in admitting State's Exhibits 1 and 2. [BIC 3-7] Relatedly, Defendant challenges the sufficiency of the evidence to support her convictions. [BIC 7-8]

**DISCUSSION**

**{4}** We review the admission of evidence for an abuse of discretion. *State v. Imperial*, 2017-NMCA-040, ¶ 14, 392 P.3d 658.

**{5}** In reviewing for sufficiency of the evidence, we must determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). "[W]e must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt." *Id.* (alteration, internal quotation marks, and citation omitted).

**{6}** On appeal Defendant principally challenges the admissibility of the exhibits, focusing on the chain of custody. [BIC 1, 3-7]

**{7}** "In order to admit real or demonstrative evidence, the evidence must be identified either visually or by establishing custody of the object from the time of seizure to the time it is offered into evidence." *State v. Rubio*, 2002-NMCA-007, ¶ 16, 131 N.M. 479, 39 P.3d 144 (internal quotation marks and citation omitted); *see also State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896. The proponent is simply required to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 11-901(A) NMRA; *see also State v. Jimenez*, 2017-NMCA-039, ¶ 18, 392 P.3d 668 ("[T]here is no abuse of discretion when the evidence is shown by a preponderance of the evidence to be what it purports to be." (internal quotation marks and citation omitted).

**{8}** To the extent that authentication is at issue, Deputy Burke's testimony that he recognized Exhibits 1 and 2 as the items that he collected at the San Juan County Detention Center on the date in question, including his explanation that he recognized markings that he had created, constituted sufficient visual identification. *See generally* Rule 11-901(B)(1), (4) (providing that the authentication requirement may be satisfied by the testimony of a witness with knowledge, and also by virtue of "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances").

**{9}** With respect to the chain of custody, the testimony of Officer Ranger, Deputy Burke, and the lab technician adequately established custody from the time the items marked as Exhibits 1 and 2 were seized from Defendant's person to the time they were offered into evidence, which was sufficient to warrant their admission. *See, e.g.*, *State v. Huettl*, 2013-NMCA-038, ¶¶ 2-3, 30-31, 305 P.3d 956 (holding that a similar chain of custody, including testimony from the officer who collected evidence at the scene and booked it into a secure area at the police department, which was later sent by a different individual from the police department to the laboratory where it was tested, was sufficient). Although Defendant criticizes the State's failure to call either the sergeant who took the items from Officer Woody and gave them to Deputy Burke or the individual who sent the items to the crime lab for testing, [BIC 3] the absence of their testimony goes to the weight of the evidence, not its admissibility. *Id.* ¶ 31. "The [s]tate is not required to establish the chain of custody in sufficient detail to exclude all possibility of tampering." *Peters*, 1997-NMCA-084, ¶ 26. And ultimately, "[t]here is no abuse of discretion when, as here, a preponderance of the evidence shows that the evidence at issue is what the proponent purports it to be." *Imperial*, 2017-NMCA-040, ¶ 36. Accordingly, we reject the principal assertion of error.

**{10}** We are similarly unpersuaded by Defendant's challenge to the sufficiency of the evidence. As briefly described above, the State presented real and testimonial

evidence, including Defendant's own admission, tending to establish her possession of Fentanyl and Methamphetamine. Although Defendant contends that the gaps in the chain of custody should be said to render the State's showing insubstantial, [BIC 7-8] these matters were for the jury to evaluate; they do not supply a basis for second-guessing the jury's ultimate assessment. *See generally State v. Cabezuela*, 2015-NMSC-016, ¶ 23, 350 P.3d 1145 ("We will not invade the jury's province as fact-finder by . . . reweighing the evidence, or substituting our judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)); *Peters*, 1997-NMCA-084, ¶ 26 (explaining that questions concerning a possible gap in the chain of custody affect the weight of the evidence); *State v. Mireles*, 1995-NMCA-026, ¶ 8, 119 N.M. 595, 893 P.2d 491 ("We do not weigh the evidence or substitute our judgment for that of the jury."). Viewing the evidence in the light most favorable to the verdicts, we conclude that Defendant's convictions are amply supported.

**CONCLUSION**

**{11}** For the foregoing reasons, we affirm.

**{12}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**GERALD E. BACA, Judge**

**KATHERINE A. WRAY, Judge**